UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ISCO INDUSTRIES, LLC                                                                                          PLAINTIFF

v.                                                                                   CIVIL ACTION NO. 3:06CV-16-S

NORTH BAY CONSTRUCTION, INC.                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendants, North Bay Construction, Inc. and Steve Geney, President of North Bay, (collectively "North Bay") to dismiss or, alternatively, to transfer the action to the Northern District of California.

The plaintiff, ISCO Industries, LLC, is a Kentucky limited liability company having its principal place of business in Louisville. ISCO describes itself as a "source and service provider of HDPE pipe, fittings, and fusion equipment." North Bay is a California corporation having its principal place of business in Petaluma, California. North Bay is a construction contractor involved with the public works project known as the Sonoma County Central Disposal Site Leachate Pipeline and Water Replacement Project. The project was designed to create a pipeline between the Central Disposal Site to the City of Rohnert Park's sewage transmission line. North Bay contracted with ISCO for the purchase of materials for the project, including high density polyethylene pipe, fittings, valves, leak detection devices, and other goods, equipment, and services related to installing, connecting and containing the pipeline.

In March, 2005, ISCO provided 2 quotes for the project materials. On June 7, 2005, North Bay executed a credit application and Geney executed a personal guarantee in order to do business with ISCO. The document contains the following language:

> ...The proper venue for litigation to enforce payment, if deemed necessary, will be Jefferson County, KY. This credit application is the entire agreement between the

> parties and all sales to Purchaser from Seller shall be subject to this agreement and to the terms of Seller's Invoices, order acknowledgments, statements, and its other documents, and subject to the terms of no other form or document, including Purchaser's purchase order or similar document. All prior verbal or written agreements between the parties are hereby merged into this agreement, and in the event that there is any conflict between the terms of this agreement and the Seller's invoice, this agreement shall control.

On June 8, 2005, North Bay executed an Equipment Rental Agreement. The agreement contains the following language:

> 1. Grant. ISCO leases to CUSTOMER, and CUSTOMER leases from ISCO (a) any equipment described on Schedule A attached hereto and (b) any additional equipment which may be added to this Agreement from time to time pursuant to Section 3 of this Agreement (collectively, the "Equipment")...
>
> 3. Verbal Orders. At CUSTOMER's request and for CUSTOMER's convenience, CUSTOMER may add additional Equipment to this Agreement from time to time without executing a formal amendment to this Agreement or a new agreement. Such orders may be submitted to ISCO orally, by telephone, facsimile or e-mail. When ISCO accepts such verbal order, ISCO shall prepare a Verbal Order Rider in a form substantially similar to Schedule A attached hereto (the "Rider"). ISCO shall forward the Rider to CUSTOMER by facsimile or e-mail at the number or address designated above. Unless CUSTOMER contacts ISCO within two (2) hours after the transmission of the Rider to dispute its terms, CUSTOMER agrees that any Equipment listed on the Rider shall be deemed subject to this agreement on the terms and conditions set forth in such Rider...
>
> 19. Venue, Choice of Law, Legal Fees, and Actions. Any and all actions relating to the ISCO Technician services and the Equipment and/or delivery thereof shall be in Louisville, Kentucky. The interpretation and construction of this Agreement shall be pursuant to the laws of Kentucky without regard to choice of law rules...
>
> 22. Miscellaneous...acceptance of delivery of the Equipment by CUSTOMER shall constitute acceptance of all the terms and conditions of this Agreement.

There is apparently no dispute that the defendants did not come to Kentucky to enter into these agreements. However, there were communications between California and Kentucky concerning the purchase of materials, rental equipment, and services.

ISCO alleges that it supplied North Bay with materials, equipment and services for which North Bay has not paid. It alleges that North Bay has repeatedly informed ISCO that it plans to

withhold payments of amounts owed. Although North Bay has filed a motion to dismiss in lieu of answer, it apparently does not deny that it has not paid ISCO in full.

I.

North Bay has moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction over the defendants and pursuant to Fed.R.Civ.P. 12(b)(3) for improper venue.

When personal jurisdiction is challenged, the plaintiff bears the burden to establish that jurisdiction exists. *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988). The court will rule on the motion on the basis of the written materials submitted by the parties. The motion of North Bay for hearing (DN 9) will be denied. In deciding the issue on written submissions, the plaintiff must make a *prima facie* showing of jurisdiction to defeat dismissal. That is, it need only demonstrate facts which support a finding of jurisdiction. *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980). In deciding the motion, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff. *Welsh*, 631 F.2d at 439 (citations omitted). The court does not consider facts offered by the defendant that conflict with those offered by the plaintiff. *Aristech Chem. Int'l Ltd. v. Fabricators, Ltd.*, 138 F.3d 624 (6th Cir. 1998), *citing, Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991).

In evaluating a diversity case, the court must look to the long-arm statute of the forum state and construe it within the bounds of due process. *Tobin v. Astra Pharmaceutical Products, Inc.*, 993 F.2d 528, 542 (6th Cir. 1993). The Kentucky long-arm statute has been understood to reach the outer limits of due process. *Tobin*, 993 F.2d at 542 (*citing*, *Handley v. Indiana & Michigan Electric Co.*, 732 F.2d 1265, 1271 (6th Cir. 1984). In order to establish jurisdiction over North Bay, ISCO must show that (1) North Bay purposely availed itself of the privilege of acting in Kentucky; (2) the cause of action has arisen from North Bay's activities here; and (3) the acts of North Bay or consequences caused by those acts must have a substantial enough connection with Kentucky to make the exercise

of jurisdiction over North Bay reasonable. *Tobin*, 993 F.2d at 543; *Southern Machine Company v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

Due process requires that North Bay have sufficient minimum contacts with Kentucky such that traditional notions of fair play and justice are not offended. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

A.

ISCO suggests that jurisdiction exists over North Bay insofar as North Bay contacted ISCO in Kentucky and communicated with ISCO to apply for credit, to order products and services, and to make payments owed to ISCO. ISCO contends that North Bay sought out ISCO in relation to a number of construction projects and conducted business with ISCO by sending its orders to ISCO at its home office in Kentucky. ISCO's action herein is for breach of North Bay's obligation to pay for the products and services received for the Sonoma County project. ISCO has met its *prima facie* burden to overcome the motion to dismiss. Despite the fact that North Bay was not physically present in Kentucky, it clearly availed itself of the privilege of doing business in Kentucky. North Bay sought out and contracted with ISCO for numerous purchases on the multi-million dollar Sonoma County project. It obtained various proposals for projects, established a credit relationship with ISCO, and otherwise exercised the privilege of transacting business with ISCO in this state. North Bay's contacts have thus been shown to have a substantial enough connection with Kentucky to make the exercise of jurisdiction over it reasonable. North Bay's argument for dismissal pursuant to Fed.R.Civ.P. 12(b)(2) is rejected.

B.

ISCO also moves for dismissal on the ground of improper venue under Fed.R.Civ.P. 12(b)(3). 28 U.S.C. § 1391(a) states that "[a] civil action wherein jurisdiction is founded on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district

in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

The action was properly brought in Kentucky inasmuch as a substantial part of the events giving rise to the claim could be said to have occurred here. That is, proposals were generated by ISCO here, in response to North Bay's solicitations. North Bay then sought credit approval and established a business relationship with ISCO. North Bay communicated its acceptance of ISCO's proposals through its purchase orders sent to ISCO in Kentucky. This course of conduct led to the provision of goods and services to North Bay in California for which North Bay has not paid. Thus we conclude that venue is proper under the facts taken in the light most favorable to ISCO. North Bay's argument for dismissal pursuant to Fed.R.Civ.P. 12(b)(3) is without merit.

II.

North Bay has alternatively moved for transfer of venue pursuant to 28 U.S.C. § 1404(a). It urges that the convenience of witnesses and the interests of justice would be served by transfer of the action to the Northern District of California. ISCO argues against transfer principally on the ground that this court should give effect to the forum selection clauses contained in the credit application/personal guarantee and equipment rental agreement executed by North Bay.

A.

The forum selection clauses in issue, if enforceable, establish agreement between the parties to venue in Kentucky.

North Bay contends that the clauses should not be enforced inasmuch as ISCO had "superior bargaining power" in the matter. It cites neither factual nor legal authority for this assertion. ISCO and North Bay are sophisticated business entities. There has been no showing of any disparity in bargaining power rendering the forum selection provisions accepted by North Bay unjust.

The credit application in particular states that all sales to the Purchaser [North Bay] are subject to the terms of the credit application.  This language refutes the contention of North Bay that the credit application and guarantee applied only to the American Canyon project, and not to the Sonoma County project.  The document also states that sales to the Purchaser [North Bay] are subject to no other form or document, including Purchaser's purchase orders.  It is North Bay's own purchase orders that North Bay suggests govern herein.  These purchase orders contain language laying venue in California.  However, there has been no showing that the standard language in the North Bay purchase orders was intended to renegotiate the venue provisions in the account documents signed by it previously.  However, we need not resolve this point conclusively inasmuch as we find that despite the forum selection clauses, the action must be transferred to the Northern District of California.

B.

North Bay has submitted an affidavit with its motion in which North Bay's president states that "[t]he sections of pipe were manufactured in the Bakersfield, California area and shipped to North Bay in Petaluma, California.  North Bay experienced difficulty fusing the lengths of pipe together, resulting in leaks.  While the parties were exploring the causes of the problem, Plaintiff prematurely filed this action, seeking to fix venue of the matter in Kentucky."  Geney Aff., ¶ 8.  ISCO denies that this action was filed "prematurely," but does seeks to establish venue in Kentucky, as it asserts the right to do so under the terms of the credit application/ personal guarantee and the equipment rental agreement.  North Bay asserts that the matter should be transferred to the Northern District of California for the convenience of the parties and witnesses and in the interests of justice, pursuant to 28 U.S.C. § 1404(a), despite its execution of ISCO's account documents.

The court must consider the issues of convenience and the interests of justice.  Despite the forum selection provisions, the interests of justice would be best served by transferring this case to the Northern District of California.

North Bay bears the burden of establishing that transfer is warranted. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)." *Stewart Organization, Inc. v. Ricoh Corporation*, 487 U.S. 22, 30; 108 S.Ct. 2239, 2244; 101 L.Ed.2d 22 (1988). "[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647, n. 1 (6th Cir. 2006), *quoting, Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). In *Stewart Organization, supra.,* the court stated

> A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors. The presence of a forum-selection clause...will be a significant factor that figures centrally in the district court's calculus...The district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of "the interest of justice." It is conceivable in a particular concerns, come under the heading of "the interest of justice." It is conceivable in a particular case, for example, that because of these factors a district court acting under § 1404(a) would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause...The forum-selection clause...should receive neither dispositive consideration...nor no consideration...but rather the consideration for which Congress provided in § 1404(a)...

*Stewart Organization*, 108 S.Ct. at 2244-45.

In this instance, the sole factor favoring litigation in Kentucky is the forum selection clause in the credit application and rental agreement.[1] That provision, incorporated in ISCO's standard forms, evidences its preference for settling its business disputes in this jurisdiction. While these

---

[1] In an affidavit of its employee, Libby McKinney, ISCO identifies five potential witnesses and their places of residence. There is nothing else offered in this regard. Of the five, only one, Steve Ramsey, is a Kentucky resident. The remaining four consist of three Alabama residents and one Wisconsin resident. There has been no showing that these "potential witnesses" would find greater convenience in being hailed into court in Kentucky as opposed to California. Further, as no other information beyond name and state of residence has been offered, this averment is of little value.

provisions are, as a general rule, presumed valid and enforceable, the remaining factors weigh decidedly in favor of transfer to California.

The plaintiff's choice of forum is Kentucky, as evidenced by the forum selection clause and the filing of this action in the Western District where ISCO is headquartered. ISCO is an international corporation, however. It is apparently undisputed that the situs of the most material events giving rise to this action is California. North Bay ordered products for this public works project located in Sonoma County, California. North Bay contends that the pipe supplied by ISCO was defective. It is not disputed that the pipe was assembled and shipped from ISCO's Bakersfield, California plant, and that ISCO's sales representative and some of the trainers and technicians came from that plant. Further, Geney, the president of North Bay, stated in his affidavit that

> Regardless of where this action is tried, the parties would be required to obtain fact witness testimony from 9 or ten employees of North Bay Construction, Inc., all of whom reside in California: 2-3 lead laborers who were primarily involved in physically fusing the pipe sections and/or pulling cable through the dual pipe sections manufactured by ISCO; 2-3 laborers involved in the leak repairs to the ISCO product; two foremen; one superintendent for the project; 2 project managers; myself and North Bay's vice president Steve Wintch; and the purchasing agent who dealt primarily with the ISCO representatives. Additionally, the County of Sonoma would likewise be required to produce a number of witnesse who are residents of California, including 3-4 County inspectors overseeing the project; the design engineers for the project; and the managers of the public works department responsible for overseeing the construction and the repairs. Both the County and North Bay were required to hire subcontractors also located in California to televise the pipeline after its installation for leak detection and repair work, who would be required to provide witness testimony. The subcontractor hired by North Bay to oversee the drying of the dual pipe system after the leaks were found and repaired, also California residents, would need to provide testimony as well...

ISCO chose to file this action in Kentucky. Its claim is founded upon a purported breach of contract in which Kentucky undoubtedly has some interest. It is clear, however, that the center of gravity of the disputed facts is in California. All of the events leading up to the alleged breach occurred in California. ISCO does not dispute that the defendants' assertion that they did not come to Kentucky for any reason. ISCO posits that North Bay's telephone and other electronic communications in

placing its orders and payments that it sent to ISCO's Kentucky home office should persuade the court that the forum selection clause should be respected and the action kept here.

The forum selection clause alone cannot carry the day.  To enforce the clause would be to elevate form over substance.  North Bay's agreement to the Kentucky forum is only one consideration in the analysis.  The location of witnesses is of significant concern to the court in this case.  The physical evidence as well as virtually all witnesses who worked with the products in question are located in California.  Further, the interest of Kentucky in ensuring that its corporate citizens are paid is at least matched if not exceeded by the public interest of California in the resolution of these issues arising in its multi-million dollar public works project.  The interests of justice would be served by the transfer of this action to California where the attendance of reluctant witnesses could be compelled, where physical and testimonial evidence, including the plaintiff's plant and employees, is located.

Although the plaintiff's choice of forum is generally accorded deference, we conclude that the burdens which further litigation in this venue would impose outweigh that interest in this instance.


For the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendants, North Bay Construction, Inc., et al., to dismiss or alternatively to transfer is **GRANTED** and this action is **TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA FOR ALL FURTHER PROCEEDINGS.**  The clerk of court shall transmit notice to the California court upon entry of this order.
**IT IS SO ORDERED.**